*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* MSL, Minor.

---

ASHLEY LUNN LAPOINT and JEREMY
WALLACE BAKER,

　　　　　Petitioners-Appellants,

v

ALEXANDER SAINTCLAIR,

　　　　　Respondent-Appellee.

UNPUBLISHED
January 15, 2026
11:36 AM

No. 374820
Livingston Circuit Court
Family Division
LC No. 2022-004970-AY

---

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

This case returns to this Court after we remanded the matter for the trial court to consider whether respondent Alexander Saintclair provided "substantial" support for his child during the two-year "lookback" period under MCL 710.51(6)(a). *In re MSL*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368581); slip op at 12. The trial court held a trial at which it found that Saintclair's provision of health insurance for the child constituted substantial support. The court also determined that Saintclair did not regularly and substantially fail to maintain contact with the child. Because the trial court's determinations were not clearly erroneous, we affirm.

## I. BACKGROUND

As discussed in this Court's prior opinion, petitioner Ashley LaPoint and Saintclair are the biological parents of MSL, the child at issue in this case. In 2016, Saintclair was convicted of various crimes in North Carolina and incarcerated there. *Id*. at ___; slip op at 3. LaPoint and Saintclair divorced in 2017, and in 2021 LaPoint married petitioner Jeremy Baker. *Id*. at ___; slip op at 4-5. Thereafter, LaPoint moved to terminate Saintclair's parental rights to MSL, and LaPoint and Baker filed a petition for stepparent adoption to allow Baker to adopt MSL. *Id*. at ___; slip op at 5.

-1-

The trial court granted Saintclair's motion for summary disposition under MCR 2.116(C)(10) and dismissed the case. *Id*. at ___; slip op at 5-7. On appeal, this Court held that "making healthcare insurance available for a child plainly constitutes an act in which 'support' is provided to the child for purposes of MCL 710.51(6)(a)." *Id*. at ___; slip op at 11. We further determined that "because the healthcare insurance was available to MSL for the entire two-year lookback period, Saintclair provided 'regular' support" as the statute required. *Id*. at ___; slip op at 11. We remanded this case to the trial court for a determination whether the healthcare insurance also constituted "substantial" support because MCL 710.51(6)(a) requires "regular and substantial support." *Id*. at ___; slip op at 11-12. We noted that although the trial court determined that Saintclair's provision of health insurance was "substantial," the court "did not assess Saintclair's overall ability to support MSL." *Id*. at ___; slip op at 11.

At a trial on remand, LaPoint testified that, during the two years preceding her petition, she did not receive any financial support or contact from Saintclair. She also removed MSL from Saintclair's health insurance and instead covered the child under her health insurance. Saintclair testified that during the same timeframe, he was unable to manage his own bank account because of his incarceration, but he monitored his health insurance to ensure that MSL remained covered under his health insurance. He testified that he also repeatedly telephoned LaPoint, but she did not answer. In addition, he wrote letters to MSL, but he did not send them because previous letters he wrote to her had been returned to him, and the prison destroyed letters that were returned to inmates.

The trial court determined that, considering Saintclair's income and ability to pay, his provision of health insurance for MSL constituted regular and substantial support. The court further found that Saintclair regularly attempted to contact MSL. The court again denied LaPoint and Baker's petitions and dismissed the case. This appeal followed.

II. ANALYSIS

Petitioners argue that the trial court erred by finding that Saintclair provided regular and substantial support for MSL under MCL 710.51(6)(a). They also argue that Saintclair failed to "regularly and substantially" "visit, contact, or communicate" with MSL under MCL 710.51(6)(b). "The petitioners in a stepparent adoption proceeding have the burden of proving by clear and convincing evidence that termination of the noncustodial parent's rights is warranted." *In re NRC*, 346 Mich App 54, 58; 11 NW3d 296 (2023). We review the trial court's factual findings for clear error. *Id*. "A finding is clearly erroneous if, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made." *Id*. (quotation marks and citation omitted).

MCL 710.51(6) provides:

(6) If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if a parent having custody of the child according to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

-2-

(a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. A child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered.

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

The petitioner must prove both prongs by clear and convincing evidence. *In re NRC*, 346 Mich App at 60. "[I]n applying MCL 710.51(6), courts are to look at the two-year period immediately preceding the filing of the termination petition." *Id*. (quotation marks and citation omitted).

MCL 710.51(6)(a) contemplates two potential scenarios: (1) no child-support order exists or, if an order exists, it provided for $0.00 in support or reserved the issue of support, or (2) the support order provided for child support in an amount greater than $0.00. *In re MSL*, ___ Mich App ___; slip op at 10. The statute does not "delineate, describe, or limit the form of the 'support' that must be provided to satisfy the provision." *Id*. at ___; slip op at 11. Saintclair's support order did not require him to pay child support, and this Court previously determined that his provision of healthcare insurance for MSL during the two-year lookback period constituted "regular" support. *Id*. at ___; slip op at 11. We must now decide whether the trial court correctly determined that it also constituted "substantial" support within the meaning of MCL 710.51(6)(a).

MCL 710.51(6)(a) does not define "substantial." When words are not defined in a statute, we may consult dictionary definitions to determine their meanings. *In re NRC*, 346 Mich App at 60. "The word 'substantial' can be defined as 'considerable in quantity.' " *Id*. at 61, citing *Merriam-Webster's Collegiate Dictionary* (11th ed). In addition, this Court has recognized that "the relevant subsections of MCL 710.51(6) are essentially yardsticks to be used to measure the noncustodial parent's interest in being a parent as it pertains to permitting termination of parental rights." *In re SMNE*, 264 Mich App 49, 54; 689 NW2d 235 (2004).

As discussed in this Court's prior opinion, Saintclair received approximately $1,000 a month as a military retirement benefit and did not have to pay a premium for his or MSL's health insurance. However, he was unable to directly access his bank account due to his incarceration, he did not receive bank statements in prison, and he could call the bank only via three-way calls, which the prison prohibited. In order to receive money in prison, Saintclair authorized third parties to access his account, but the third parties allegedly abused this access without his knowledge. To transfer money out of the prison, Saintclair had to send either cash, a check, or a money order. Saintclair testified that he stopped sending mail to LaPoint because she returned at least one letter to him, and the prison destroyed returned mail. LaPoint also refused his phone calls, and she did not contact him or his family to ask for financial assistance during the lookback period. Further, Saintclair maintained MSL on his health insurance, including reenrolling her in his healthcare plan every time LaPoint disenrolled MSL from the plan. Considering Saintclair's limited ability to manage his money and his efforts to ensure that MSL had health-insurance coverage, the trial court

did not clearly err by finding that he provided regular and substantial support for MSL based on his overall income, finances, and ability to support the child while incarcerated.

Because MCL 710.51(6) requires that both subsection (a) (lack of financial support) and subsection (b) (lack of contact) be satisfied before a court may terminate parental rights, and the trial court did not clearly err by finding that Saintclair provided regular and substantial support for MSL, we need not address petitioners' argument that Saintclair regularly and substantially failed to maintain contact with MSL under MCL 710.51(6)(b). We note, however, that, contrary to LaPoint's testimony, phone records showed that Saintclair telephoned LaPoint at least 100 times, or roughly four or five times per month, during the two-year lookback period. Accordingly, the trial court properly determined that Saintclair did not regularly and substantially fail to contact MSL under MCL 710.51(6)(b).

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

-4-